RUFUS C. JEFFERSON and Another v. J. B. LONE and Others.[1]

July 28, 1911.

Nos. 17,173—(231).

**Mechanic's lien — findings sustained by evidence.**

In an action involving a "building loan" contract entered into by the parties, by which defendant trust company loaned to defendant Dennis a sum of money to discharge debts to be thereafter incurred in the construction of a dwelling for the latter, it is *held* that the findings of the trial court to the effect that the trust company did not agree or undertake, in advancing money for the purposes stated, to protect the property from liens of laborers or materialmen, and that the payment of the money pursuant to a written order from Dennis fully protected the company in disbursing it in accordance with the directions of the order, was sustained by the evidence.

**No reversible error.**

The record *held* to present no reversible error.

Action in the district court for Ramsey county to foreclose mechanics' liens against certain real property. The Northwestern Trust Company was made a defendant as the owner of the mortgage lien against the property. Defendant Warren A. Dennis, in his answer, admitted the execution of the mortgage pursuant to agreement with the trust company that it should use the proceeds of the mortgage to pay the final bills for a building, but only upon obtaining from the contractors either receipts for the payment of labor and materials or waivers of liens by the persons furnishing labor and materials. These allegations were denied by the answer of the trust company.

The case was tried before Kelly, J., who made findings as set out in the second paragraph of the opinion. From an order denying motions of defendant Dennis to amend the findings or for a new trial, he appealed. Affirmed.

[1] Reported in 132 N. W. 299.

*P. J. McLaughlin* and *W. H. Williams*, for appellant.

*John D. O'Brien* and *Ira C. Oehler*, for respondent trust company.

BROWN, J.

This action was brought to foreclose certain mechanics' liens upon the residence property of defendant Dennis, in the pleadings and the trial of which certain issues between Dennis and the defendant Northwestern Trust Company were tried, and determined adversely to Dennis. He appealed from an order denying a new trial. The rights of the other parties to the action are in no way involved on this appeal. Dennis sought to recover damages against the trust company for its alleged breach of the loan contract hereinafter mentioned, and the amount thereof offset against the mortgage held by the trust company against him.

The facts are as follows: Some time in May or June, 1909, defendant Dennis let a contract for the construction of a residence upon land owned by him in the city of St. Paul to J. B. Lone & Son, a firm of contractors and builders. The contractors commenced the work and completed the building some time in January, 1910. On February 11, 1910, they were, upon their own petition, duly adjudged bankrupt, and failed to pay debts contracted by them for lumber and material used in the construction of the building. Subsequently liens were perfected against the property for labor and material, aggregating $2,594.03, for which foreclosure was sought by this action. Some time after the commencement of the work—the precise time is not material—Dennis entered into negotiations with the trust company for a loan of money sufficient to fully complete the building, and the company agreed to lend him the sum of $6,000, taking as security a mortgage upon the property. The loan was what is termed a "building loan"; that is, the money loaned was to be paid out in the discharge of debts incurred in the construction of the building, and not to the borrower for use generally in his affairs. In consummation of the negotiations Dennis made a formal written application for the loan, which the trust company accepted. A mortgage was then executed upon the prop-

erty by Dennis to the trust company securing the amount of the loan, $6,000. The mortgage was made for $6,000 with the understanding that it should be valid only for the amount actually advanced and paid out by the trust company in discharge of debts incurred in the construction of the building. The trial court found that the company in fact advanced under the contract the sum of $3,371.27, and that its mortgage was valid to that amount, but inferior to the claims of lienholders. The amount so paid out by the company was upon written orders from Dennis directing the payments to be made.

It is contended by Dennis, and herein lies his defense to the mortgage, that the payment made by the trust company to the contractors was a violation of the loan contract, in this: That by the terms of that contract the company undertook and agreed to so pay out and disburse the money as to protect the property from lien claims of laborers and materialmen, and that the payment of $3,000 to the contractors, without requiring of them the relinquishment of proportionate claims of that character, constituted a breach of the contract, entitling Dennis to a discharge of the mortgage to that extent. The basis for this claim is found in the following facts:

Either before or at the time of the negotiations for the loan some officer or agent of the trust company presented to Dennis a typewritten copy of certain rules adopted by the company for its guidance and protection in making "building loans." These rules are as follows: "In making building loans we require: (1) That the amount of the loan shall only be used to pay final bills. (2) That the owner shall furnish us with an affidavit showing the unpaid contracts necessary to finish the building. Orders are then given by the owner on us to pay the contractor, as money is needed. (3) That the contractors shall furnish us with an affidavit showing what is owing for material and labor, and that they shall either show receipts or waiver of lien for these accounts, or authorize us to pay them." The affidavits provided for by the rules were furnished the company. Thereby Dennis, the owner, stated that $4,800 was due the contractors, and that various other amounts were due

to certain materialmen. The contractor made a similar affidavit, disclosing the names of other claimants. Thereafter Dennis gave the contractors two written orders in the following language:

"St. Paul, Sept. 29, 1909.

"Northwestern Trust Co.:

"Pay to J. B. Lone & Son ($1,500) fifteen hundred dollars and charge to my account.

"W. A. Dennis."

And:

"St. Paul, October 2, 1909.

"Northwestern Trust Company, St. Paul:

"Pay to the order of J. B. Lone & Son fifteen hundred dollars ($1,500) and charge to my account.

"W. A. Dennis."

The breach of the contract as relied upon by Dennis is found in the fact, undisputed, that in honoring these orders the trust company did not require of the contractor the exhibition of receipts or waiver of liens, as provided for by the third rule above quoted. The trial court in effect found as a fact that the rules referred to never became by implication or otherwise a part of the loan contract, and were no part thereof, that the rules were designed for the benefit and protection of the trust company, and that the payment of the money pursuant to the orders of Dennis was no violation of any duty it owed to him in respect to the protection of the property from liens.

In this, counsel for Dennis claim the trial court erred. We are unable to sustain the contention. Our examination of the record leads to the conclusion that the trial court was entirely right in the result stated. At least the evidence presented is not so clearly against the findings as to justify interference by this court.

Whether the rules referred to became a substantive part of the loan contract, and thereby imposed a special obligation upon the

part of the trust company in respect to the proper disbursement of the money, presented a fair question of fact. The contract as embodied in the written application and acceptance thereof, together with the mortgage securing the payment thereof, contained no reference to any duty or obligation to be assumed by the trust company in the protection of the property from mechanics' or other liens. It is quite clear that the rules of the company were adopted for its own protection, and whether the parties intended by this transaction that the company should extend their efforts in that respect to the protection of Dennis does not follow as a matter of law, but, on the evidence, was an open question of fact. The learned trial court determined it, and we discover no reason for disagreeing with the result.

We have considered all the assignments of error, and find no basis for a reversal of the order appealed from.

Order affirmed.